# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAVID LUEVANO,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No. 1:23-cv-1749-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Daniel Davide Luevano ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and he was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 9.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Valley State Prison ("VSP"), in Chowchilla, California, where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) Mata,[1] correctional officer, (2) Navarro, correctional officer, and (3) Does 1-5.

Plaintiff alleges a violation of the Eighth Amendment for protection from violent inmates. On "Monday, July 2023 at 19:40," Plaintiff was peacefully programming in D yard.  He was showing a hobby item to another inmate.  "Suddenly, without any notice, or warning from Mata or Navarro" a transferred violent inmate known to have the intent to assault anyone in order not to be housed in an SNY prison, charged Plaintiff.  He savagely beat Plaintiff with his fists on Plaintiff's head and face.  Both Mata and Navarro were 10 feet away not paying attention or being attentive to the known presumptive assault, which they allowed to take place.  The assault became the norm instead of the exception since 2016, when CDCR decided to merge violent known inmates with the SNY population.  If an SNY responds to an attack and tries to defend

---

[1] Plaintiff spells this Defendant's name as both Mata and Mota. The Court will refer to the Defendant according to the name as spelled in the caption: Mata.  See. Fed. R. Civ. P. 10.

2

himself, he is also summarily disciplined.  Plaintiff alleges that SNY officers let the assaults take place on purpose.

Plaintiff alleges that all guards employed by CDCR have knowledge that "Surreno" kind of inmate cannot associate with inmates housed in an "NDF" and that they will immediately batter the first inmate they encounter in an "NDF" yard in order to be placed in Administrative Segregation or to be sent back to general population.  These attacks repeat themselves by the dozen. Guards cannot stand by like spectators, like Mata and Navarro did and did nothing to prevent the harm.  They escorted a known combatant into enemy territory and were not near the person in order to control him.  "It does not take much to envision the ensuing battery and assault, ALLOWED [not PREVENTED] by Mota and Navarro, that lasted several minutes while they merely became spectators."  "Plaintiff was housed and allowed to be assaulted and battered by a non-honorable known violent person both MATA and NAVARRO KNEW was going to attack the first innocent, impotent, programing inmate."

Plaintiff appears to seek to challenge the CDCR policy of forced transfers of violent inmates to a Level II California Model Prison.

The remainder of Plaintiff's first amended complaint consists of arguments related to the screening of Plaintiff's original complaint.  However, the Court has reviewed the arguments and has incorporated the factual allegations into the above summary.

Plaintiff alleges he suffered serious injuries.  As remedies, Plaintiff requests compensatory and punitive damages.

**III.    Discussion**

    **A.    Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations

1  are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,
2  572 F.3d at 969.

3  Here, Plaintiff's complaint is relatively short, but is not a plain statement of his claims.
4  Much of Plaintiff's allegations is conclusory as to what happened or when it happened and
5  consists of legal arguments and conclusions. Plaintiff's conclusory allegations what happened,
6  when it happened, or which defendant was involved are insufficient.

7  In addition, Section 1983 plainly requires that there be an actual connection or link
8  between the actions of the defendants and the deprivation alleged to have been suffered by
9  Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362
10 (1976). Plaintiff fails to link Defendant Does 1-5 to any purported constitutional violation.
11 Plaintiff has been unable to cure this deficiency.

12 **B.     Failure to Protect**

13 The crux of Plaintiff's allegations is a failure to protect him from alleged harm.

14 The Eighth Amendment requires that prison officials take reasonable measures to
15 guarantee the safety of prisoners. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). In particular,
16 prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.*
17 at 833. The failure of prison officials to protect inmates from attacks by other inmates or from
18 dangerous conditions at the prison violates the Eighth Amendment when two requirements are
19 met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,
20 subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is
21 deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety
22 by failing to take reasonable steps to abate it. *Id.* at 837.

23 The official must both be aware of facts from which the inference could be drawn that a
24 substantial risk of serious harm exists, and he must also draw the inference. *Id.* However, an
25 Eighth Amendment claimant need not show that a prison official acted or failed to act believing
26 that harm actually would befall an inmate; it is enough that the official acted or failed to act
27 despite his knowledge of a substantial risk of serious harm. *Id*. at 842. Neither negligence nor
28 gross negligence will constitute deliberate indifference. *Id.* at 835-36 & n.4.

4

A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted). "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted).

As to the named Defendants Mata and Navarro and as to Does 1-5, there are no factual allegations what the threat was, or that these Defendant knew (and how they knew) of a threat of serious harm or injury to Plaintiff by the prisoner. Plaintiff seems to imply or speculate that the Defendants should have known he was in danger because similar attacks had occurred on the yard periodically for months before based upon a policy of housing violent inmates with SNY inmates.[2]  However, a Defendant is not responsible for attacks by other inmates unless he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. There are no allegations that any defendant knew that this particular "violent inmate" was at risk of injuring Plaintiff and would injure Plaintiff at that particular time. Plaintiff's broad allegation that all SNY inmates were at risk from all non-SNY inmates is too general and speculative to state a claim that any defendant acted with deliberate indifference to Plaintiff's safety by bringing an inmate into the yard. *Borowiec v. Jones*, No. 2:23-CV-2173 DB P, 2024 WL 1622932, at *3 (E.D. Cal. Apr. 15, 2024) ("Moreover, even if Jones was aware of that 'rule,' plaintiff fails to show Jones knew that plaintiff personally was in danger from the mainline inmate and that in removing the handcuffs Jones was disregarding an "excessive" risk to plaintiff's safety. Plaintiff's broad allegation that all SNY inmates were at risk from all non-SNY inmates is too general and speculative to state a claim that Jones acted with deliberate indifference to plaintiff's safety when he removed the mainline inmate's handcuffs.")

---

[2] Plaintiff appears to seek to challenge the CDCR policy of forced transfers of violent inmates to a Level II California Model Prison.  The Non-Designated Program Facility ("NDPF") Program merged prisoner populations formerly designated as GP and SNY. Cal. Code Regs. tit. 15, §§ 3375(i), 3375.1(a).  However, Plaintiff has failed to allege facts demonstrating that the policy is a repudiation of Plaintiff's constitutional rights.

5

1	As he did in his original complaint, Plaintiff appears to allege that because there had been
2	attacks on the yard, Defendants Mata and Navarro should have protected him from this future,
3	unspecified attack. However, generalized fears of attack do not state a cognizable claim. A
4	defendant is responsible only if the Defendant knew of and disregarded an excessive risk to
5	inmate health or safety by failing to take reasonable steps to abate it. Merely because Plaintiff was
6	at risk due to past, unrelated attacks on the yard of other inmates, does not impose liability on a
7	Defendant. *See*, *e.g.*, *Dixon v. Lavin*, 234 F. App'x  814, 815 (9th Cir. 2007) (plaintiff's allegation
8	"he would be at risk when returned to a general population yard if other inmates learned he had
9	been on a Special Needs Yard [was] too speculative to support a claim that defendants were
10	deliberately indifferent to his safety when they recommended he be placed on the SNY.").
11	Therefore, Plaintiff fails to state a claim against Mata or Navarro for bringing the inmate into the
12	yard and failing to prevent the attack on Plaintiff, and does not state a claim for their
13	"supervision" of the inmate while on the yard.

14	However, Plaintiff states a cognizable claim against Mata and Navarro for their delayed
15	response to the attack on Plaintiff once it began.  Plaintiff alleges both officers were on the yard
16	when the inmate attacked Plaintiff, were near where the attack occurred (10 feet away), and the
17	attack "lasted several minutes while [Mota and Navarro] merely became spectators."  The
18	delayed response to the attack states a cognizable claim.

19	**IV.	Conclusion and Order**

20	Based on the above, the Court finds that Plaintiff's first amended complaint states a
21	cognizable claim against Defendant Mata and Navarro for their delayed response to the attack
22	once it began on Plaintiff in violation of the Eighth Amendment.  However, Plaintiff's complaint
23	fails to state any other cognizable claims against any other defendants.

24	Accordingly, the Clerk of the Court is directed to randomly assign a district judge to this
25	action.

26	Furthermore, it is HEREBY RECOMMENDED that:
27	1.	This action proceed on Plaintiff's first amended complaint, filed May 29, 2024, (ECF No.
28	9), against Defendants Mata and Navarro for their delayed response to the attack once it

6

began on Plaintiff in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 31, 2024**              /s/ Barbara A. McAuliffe            
                                         UNITED STATES MAGISTRATE JUDGE