# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DANIEL DAVID LUEVANO,

         Plaintiff,

   v.

MATA, *et al.*,

         Defendants.

Case No.  1:23-cv-01749-BAM (PC)

ORDER GRANTING DEFENDANTS' *EX PARTE* APPLICATIONOTION FOR ORDER VACATING OUTSTANDING CASE DEADLINES

(ECF No. 31)

Plaintiff Daniel David Luevano ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Mota[1] and Navarro ("Defendants") for their delayed response to the attack once it began on Plaintiff, in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 28.)

On October 2, 2024, the Court issued a Discovery and Scheduling Order setting the deadline for completion of all discovery for June 2, 2025, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) for August 11, 2025.  (ECF No. 25.)

On February 25, 2025, Defendants filed a motion for an order revoking Plaintiff's *in forma pauperis* status on the ground that Plaintiff was granted *in forma pauperis* status under 28

---

[1] Erroneously sued as "Mata."

1    U.S.C. § 1915(b)(1)'s prisoner provision, but Plaintiff is no longer a prisoner.  (ECF No. 29.)

2    The Court stayed briefing on the motion to revoke Plaintiff's *in forma pauperis* status and

3    directed Plaintiff to file a non-prisoner application to proceed *in forma pauperis*.  (ECF No. 30.)

4    Plaintiff's response is currently due on or before March 31, 2025.  (*Id.*)  That order was sent to

5    Plaintiff's current address of record, which remains his last known address at Valley State Prison.

6    The order has not been returned.  As of the date of this order, Plaintiff has not yet responded to

7    the Court's order or updated his address of record.

8        Currently before the Court is Defendants' *ex parte* application for order vacating

9    outstanding case deadlines, filed March 13, 2025.  (ECF No. 31.)  Defendants request an order

10    vacating all outstanding deadlines set by the Court's October 2, 2024 Discovery and Scheduling

11    Order due to Plaintiff's release from prison, failure to update his address of record, and

12    Defendants' outstanding motion to revoke Plaintiff's *in forma pauperis* status.  Defendants

13    require discovery to prepare their anticipated motion for summary judgment, but are unable to

14    adequately pursue discovery due to Plaintiff's failure to update his address.  Further, Plaintiff's

15    failure to respond to the Court's order to submit a non-prisoner *in forma pauperis* application

16    could lead to a resolution of the case without the need for further litigation.  (*Id.*)

17        Plaintiff has not yet filed a response, but the Court finds a response unnecessary and the

18    motion is deemed submitted.  Local Rule 230(l).

19        Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and

20    with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily

21    considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations,*

22    *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot

23    reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was

24    not diligent, the inquiry should end.  *Id.*

25        Having considered Defendants' moving papers, the Court finds good cause to modify the

26    Discovery and Scheduling Order to vacate the discovery and dispositive motion deadlines.  The

27    Court finds it would be an efficient use of the resources of the Court and the parties to resolve

28    Defendants' motion to revoke Plaintiff's *in forma pauperis* status and update Plaintiff's address

of record prior to conducting discovery or reaching the merits of this action.  Finally, the Court finds that the relief granted here will not result in prejudice to Plaintiff.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to vacate discovery and dispositive motion deadlines, (ECF No. 31), is GRANTED;

2. The discovery and dispositive motion deadlines are VACATED; and

3. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion to revoke Plaintiff's *in forma pauperis* status and/or Plaintiff's filing of an updated address of record.

IT IS SO ORDERED.

Dated:    **March 15, 2025**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE