# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAVID LUEVANO, | Case No. 1:23-cv-01749-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION AND MOTION FOR EVIDENCE |
| v. | |
| MATA, *et al.*, | (ECF Nos. 35, 36) |
| Defendants. | |

Plaintiff Daniel David Luevano ("Plaintiff"), a former state prisoner, proceeded *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeded against Defendants Mota[1] and Navarro ("Defendants") for their delayed response to the attack once it began on Plaintiff, in violation of the Eighth Amendment. All parties consented to United States Magistrate Judge jurisdiction. (ECF No. 28.)

On February 25, 2025, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* status on the ground that Plaintiff was granted *in forma pauperis* status under 28 U.S.C. § 1915(b)(1)'s prisoner provision, but Plaintiff was no longer a prisoner. (ECF No. 29.) The Court stayed briefing on Defendants' motion and directed Plaintiff to file an application to proceed *in forma pauperis* for a non-prisoner within thirty (30) days of service of the order. (ECF No. 30.) Plaintiff was warned that failure to comply with the Court's order would result in

---
[1] Erroneously sued as "Mata."

1

dismissal of this action, without prejudice, for failure to prosecute and failure to comply with a court order. (*Id.*) Plaintiff did not file a response or otherwise communicate with the Court.

Accordingly, on April 15, 2025, the Court dismissed this action, without prejudice, due to Plaintiff's failure to obey a court order and failure to prosecute. (ECF No. 33.) Judgment was entered accordingly the same date. (ECF No. 34.)

Currently before the Court are Plaintiff's "Motion for Extension" and "Motion for Evidence," filed May 12, 2025. (ECF Nos. 35, 36.) These filings were submitted in-person at the federal courthouse in Fresno, California, and do not include Plaintiff's signature or an updated mailing address for Plaintiff. At this time, Plaintiff's address of record for this action still indicates that Plaintiff is housed at Valley State Prison.

In his filings, Plaintiff requests an extension, stating that he paroled from CDCR's Chowchilla State Prison[2] on February 2, 2025 and then spent 90 days as an inpatient in WestCare. (ECF No. 35.) Plaintiff states that he just moved to an apartment a couple of days ago, and he needs time to gather evidence for a lawyer so he can retain an attorney. (*Id.*) Plaintiff further requests "all evidence, reports, videos of the incident," states that he would like "the state to provide all its data on violent acts that happened when new arrivals attacked people at Valley State Prison," and requests that the Court "call [his] witness who wrote letters of [sic] witnessed the attack." (ECF No. 36.)

Although Defendants have not yet had the opportunity to respond to Plaintiff's motions, the Court finds a response unnecessary. The motions are deemed submitted. Local Rule 230(l).

Plaintiff is reminded that both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions, and papers be signed by the party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); Local Rule 131(b). Therefore, all future filings submitted to the Court must include Plaintiff's signature. Furthermore, Plaintiff must provide a current mailing address. As Plaintiff's recent filings do not include his signature or a current mailing address, the motions are denied on those grounds alone.

///

---

[2] The Court notes that Valley State Prison is located in Chowchilla, California.

To the extent Plaintiff is requesting that the Court reopen this action, the Court construes the filings as a motion for reconsideration.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) "no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

While Plaintiff has explained that he was paroled shortly before the filing of Defendants' motion to revoke his *in forma pauperis* status and only recently moved into an apartment, Plaintiff fails to explain why he did not attempt to contact the Court or update his address during the last 3 months. Plaintiff does not state whether he had access to paper or mailing supplies during his inpatient stay, nor does Plaintiff explain his failure to include his mailing address on the instant filings. Given Plaintiff's failure to provide the Court with a mailing address at which he can be contacted, the Court finds that Plaintiff has not provided sufficient grounds to reopen this action, which was dismissed due to Plaintiff's failure to respond to the Court's orders, at this time.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for extension, (ECF No. 35), is DENIED;
2. Plaintiff's motion for evidence, (ECF No. 36), is DENIED; and
3. This action remains closed.

IT IS SO ORDERED.

Dated: __May 15, 2025__                    /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE